**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30048
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MAJOR WILLIAMS, JR.,

Defendant-Appellant.

Appeal from the United States District Court
For the Middle District of Louisiana
(96-CR-49-B-M2)

December 25, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Major Williams, Jr. of possession of an unregistered sawed-off shotgun and possession of a firearm by a convicted felon. Williams argues that the district court erred in denying his motion to suppress the shotgun. The district court did not commit error. We affirm.

Though we review the reasonableness of an investigatory stop

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and frisk <u>de novo</u>, we must review the evidence in the light most favorable to the government as the prevailing party.[2]  In assessing the reasonableness of an officer's actions, we employ an objective standard.[3]  Our inquiry is whether the facts available to the officer at the moment of the search justify a man of reasonable caution in the belief that the action taken was appropriate.[4]  The facts available to the officers in this case support the pat-down.

At approximately 9:00 p.m. on April 11, 1996, law enforcement officers observed Williams and another individual parked in an automobile in the parking lot of a car wash.  Officer Paul Marionneaux, the officer who eventually conducted the pat-down of Williams, testified that substantial criminal activity occurs in the area in which the car wash is located.  He also testified that Williams and his companion were sitting in an unwashed vehicle, which made it apparent that the two were not present for the purpose of utilizing the facilities.  When Marionneaux illuminated the cabin of the vehicle with his floodlight, he noticed Williams extending his arm downward as if to place something on, or retrieve something from, the floorboard.  When Marionneaux ordered Williams

---

[2] *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994 (en banc)

[3] *United States v. Rideau*, 969 F.2d 1572, 1574 (5th Cir. 1992) (en banc)

[4] <u>Id</u>.

2

to exit the vehicle,[5] he noticed a bulge in the right-front pocket of Williams' jacket.  Marionneaux patted down the exterior of the pocket, and felt what he believed to be shotgun shells.  He then reached into the pocket and discovered four 16-gauge shotgun shells.  Finally, he patted down Williams' chest area and discovered a sawed-off shotgun concealed beneath his jacket. Given the facts of this case, we conclude that Officer Marionneaux's conduct fits squarely within the limitations imposed by the Fourth Amendment.

AFFIRMED.

---

[5] Williams concedes that the initial stop was justified.